THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* EMILIANO SEMIDEY ROSARIO, Defendant and Appellant.

No. 7856.   Argued November 17, 1939.—Decided February 16, 1940.

*S. L. Lagarde* and *P. Baiges Gómez* for appellant. *R. A. Gómez, Prosecuting Attorney,* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

Emiliano Semidey Rosario was convicted of having a prohibited weapon without having made declaration before the Chief of Police of the Mayagüez district, etc. There is no question that if the weapon produced in this case belonged to the defendant and was not improperly seized the defendant was justly convicted.

It transpired however that a number of people were playing a prohibited game at the house of Emiliano Semidey Rosario. The police obtained a search warrant to investigate the house and under the force of the search warrant did in fact investigate the premises of the defendant; that on surprising the players therein the police on a crossbeam *(solera)* of the dining room of the residence of the defendant found a holster containing a revolver with three bullets. When at the trial it appeared that the revolver was obtained during the search by the police under the warrant, the defendant asked for an extension of time, or else that the case be suspended to give him an opportunity to make his due objections to the use of the search warrant and order issuing it.

The court denied the motion and likewise overruled a motion for reconsideration and these actions of the court are made the object of the first three assignments of error. ██ The gist of the contention of the appellant is that he never knew anything about the issuance of the search warrant until the trial and hence had no opportunity to examine it. The court held that he had the opportunity from the beginning of the case and so it appeared. The defendant himself, on the witness stand, admitted that for perhaps a slight different purpose the policeman while in the house handed him the search warrant. Thus, the defendant

and appellant knew about the search warrant and had the opportunity to examine it.

The defendant also said that the search warrant ought to have been attached to the record *(expediente)*, but the objections made by the defendant did not go to this point. He did not really raise the question of the sufficiency of the search warrant.

Of course, we all agree, as pointed by the *Fiscal*, that a man should be protected from unjustifiable seizures, but when the police obtains an article under a search warrant and the defendant thinks the seizure is illegal, he must take some steps before the trial to recover the property. *People* v. *Cecilio Santiago* (No. 7671), memorandum decision of this court of July 5, 1939, and cases cited.

█ The fourth assignment of error attacks the sufficiency of the evidence. Indeed, where a number of people were assembled and a pistol was found on one of the cross-beams of a room, there might have been some doubt to whom it belonged. However, the house and its contents, were in the possession of the defendant and thus The People made out a *prima facie* case of ownership which he should have refuted to the satisfaction of the court. This he did not do. Likewise, as no attempt was made to recover the weapon, the prosecution was justified in offering it in evidence.

The judgment should be affirmed.